## BOBBY COX BAIL BONDS, INC. *v.*
## STATE of Arkansas

CA CR 00-54                                       36 S.W.3d 752

Court of Appeals of Arkansas
Division IV
Opinion delivered September 27, 2000

*Wright & Van Noy,* by: *Herbert T. Wright, Jr.,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Leslie Plowman Fisken,* Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge.   Bobby Cox Bail Bonds, Inc., appeals the forfeiture of a $50,000 bond after criminal defendant Patrick A. Capps failed to return after a lunch break in his trial on drug charges.  On appeal, it argues that the trial court erred in ordering the forfeiture because Capps was in the custody of the trial court when he absconded and the trial court was without authority to release Capps on bond where it had not agreed to remain as surety.  We affirm.

The facts in this case are largely not in dispute. Bobby Cox Bail Bonds, Inc., wrote a bail bond for Capps on July 19, 1998, in the amount of $50,000 to secure his appearance on charges of being a principal and an accomplice in the manufacture of a controlled substance. Capps appeared for his scheduled May 12, 1999, jury trial. After the jury was selected, the court recessed at 11:30 for lunch, and Capps failed to return.

A bond-forfeiture proceeding was held on November 9, 1999, in which James Gooch, on behalf of the bonding company, asserted that no one made arrangements for Capps to remain on bond after he was produced at trial, and therefore the company's liability under the bond was extinguished. On cross-examination, however, he admitted that the bond that he had signed stated in pertinent part:

> Bobby Cox Bail Bonds, Inc. does hereby undertake and guarantee that the Defendant will appear before the Court designated at the time indicated, and further guarantees all subsequent appearances before any court having jurisdiction, including appearances related to appeals and on demand, until the Defendant is lawfully discharged or upon rendition of final judgment has surrendered himself in execution thereof.

A forfeiture order was subsequently entered on November 22, 1999.

On appeal, Bobby Cox Bail Bonds argues that the trial court erred in ordering forfeiture of the bail bond. In support of its argument, it cites Ark. Code Ann. § 16-84-111(b) (Supp. 1999)(providing: "However, for a felony when a defendant is upon bail, he may remain upon bail or be kept in actual custody as the court may direct. If the defendant remains on bail, any surety's liability shall be exonerated unless the surety has agreed to remain as the surety until final judgment is rendered") and *Liberty Bonding v. State*, 270 Ark. 434, 604 S.W.2d 956 (1980)(reversing a bond forfeiture where there was no evidence that a bonding company agreed to remain on bond after sentencing). Bobby Cox Bail Bonds, Inc., argues that because it did not expressly consent to continue as surety through the trial, its liability under the bond ceased when Capps showed up for trial. This argument is without merit.

■ As noted above, the bond expressly states that Bobby Cox Bail Bonds, Inc., would remain obligated to guarantee Capps's

appearances "until the Defendant is lawfully discharged or upon rendition of final judgment has surrendered himself in execution thereof." Because neither of these conditions had been met, the bond remained in force. Bobby Cox Bail Bonds' resort to *Liberty Bonding v. State, supra*, does not compel a different conclusion. In *Liberty Bonding*, where the language in the bond at issue is virtually identical to that in the instant case, the supreme court found that the trial court erred in ordering a bond forfeiture where the trial court allowed the defendant to remain at liberty after sentencing, solely upon the representation by the defendant's attorney that the bonding company would agree to remain on bond. In short, the trial court in *Liberty Bonding* erred because it held the bonding company liable for an obligation to which it had not consented. In the instant case, Capps was still covered by the express terms of the bond.

■ Bobby Cox Bail Bonds also argues on appeal that Ark. Code Ann. § 16-84-111(b) conflicts with Rule 9.2(e) of the Arkansas Rules of Criminal Procedure and that the language in the statute should control. The pertinent language from Rule 9.2(e) states:

> An appearance bond and any security deposit required as a condition of release pursuant to subsection (b) of this rule shall serve to guarantee all subsequent appearances of a defendant on the same charge or on other charges arising out of the same conduct before any court, including appearances relating to appeals and upon remand.

We do not agree that there is a conflict between the statute and the rule. Furthermore, we note that the language of the bond form used by Bobby Cox Bail Bonds echoes the language contained in Rule 9.2(e) that we quote above, which constitutes an essential part of Bobby Cox Bail Bonds' contractual obligation in this case.

We find no error and affirm.

BIRD and KOONCE, JJ., agree.